Hisacres New Thought Center, et al. [1] v. Commissioner. Hisacres New Thought Center v. Commissioner
Docket Nos. 93618-93620.
United States Tax Court
T.C. Memo 1963-132; 1963 Tax Ct. Memo LEXIS 213; 22 T.C.M. (CCH) 642; T.C.M. (RIA) 63132; May 15, 1963
Samuel C. Klein, 711 14th St., N.W., Washington, D.C., for the petitioners. George K. Dunham, for the respondent. *214 PIERCE Memorandum Opinion PIERCE, Judge: This proceeding involves deficiencies in income tax and additions to tax, determined by the respondent, as follows: Hisacres New Thought Center
Calendar
Additions to tax (1954 Code)
Docket No.
Year
Deficiency
Sec. 6651(a)
Sec. 6653(a)
Sec. 6654
93619
1955
$ 194.95
$ 23.35
1956
1,163.02
92.73
1957
2,146.96
$214.70
128.41
1958
1,416.71
70.84
Bernese Williamson
93618
1955 $152 $38
$7.60
$4.26
1956
152
38
7.60
4.26
1957
152
38
7.60
4.26
1958
152
38
7.60
4.26
Emmanuel Praise
93620
1955
$152 $38
$7.60
$4.26
1956
152
38
7.60
4.26
1957
152
38
7.60
4.26
1958
152
38
7.60
4.26 The first-named petitioner has alleged that there is an overpayment of tax for each of the years 1955 through 1957 in the respective amounts of $272.03, $691.64, and $421.29; and it has made claim to refund of the same. The cases were consolidated for trial. The issues for decision are: 1. Whether, for each of the taxable years involved, petitioner Hisacres New Thought Center is entitled to exemption from Federal income *215 tax under section 501(c)(3) of the 1954 Code. This section, so far as here material, provides exemption for - (3) Corporations * * * organized and operated exclusively for religious * * * purposes, * * * no part of the net earnings of which inures to the benefit of any private shareholder or individual, * * * [2]
And, if said petitioner is not so exempt: (a) Whether it derived taxable income for each of the taxable years in the amount determined by the respondent; and (b) whether it is chargeable with additions to tax, for untimeliness in filing a return for 1957, and for negligence as to all years. (2) Whether each of the two individual petitioners: (a) Derived taxable income for each of the taxable years in the amount which the respondent determined; and (b) whether for each of said years, he or she is chargeable with additions to tax, for failure to file an income tax return, for failure to file a declaration of estimated tax, and for negligence. *216 A trial of all these cases, which were consolidated as aforesaid, was had in this Court, at which each of the parties was represented by counsel, and at which a large amount of evidence was received, consisting of testimony and exhibits presented on behalf of each party. Based on our consideration and weighing of all the evidence, and also our consideration of the controlling statutes, the pertinent income tax regulations, and applicable judicial decisions, we here conclude, find and hold with respect to the issues involved, as follows: Re Issue 1: Petitioner Hisacres New Thought Center (also sometimes called The Church of the Fuller Concept), is a corporation which was organized and incorporated on May 6, 1955, under Title 29, Chapter 6, of the District of Columbia Code, as a religious non-profit organization. Its principal place for religious worship is located at 1420-16th Street, N.W., Washington, D.C. It filed a protective income tax return for each of the taxable years involved with the district director of internal revenue at Baltimore, Maryland. At all times here material and during all taxable years here involved, said petitioner was a corporation "organized and operated *217 exclusively for religious * * * purposes * * * no part of the earnings of which inures to the benefit of any private shareholder or individual * * *," within the meaning of section 501(c)(3) of the 1954 Code; it met all of the tests and requirements for exemption from income tax, which are specified in said section; and for all the taxable years here involved, it is entitled to exemption, and is exempt, from Federal income taxes under said section. Said petitioner did not derive any taxable income during any of the taxable years; and it is not, for any of said years, liable for any deficiency in income tax, or any addition to tax under section 6651(a) or section 6653(a) of the 1954 Code. On November 15, 1957, said petitioner paid Federal income taxes for the years 1955 and 1956 in the respective amounts of $272.03 and $691.64; and on April 18, 1958, it paid Federal income tax for the year 1957, in the amount of $421.29. None of these amounts was properly due or payable by it; and each of said amounts is an overpayment of income tax, for which a claim for refund could have been filed under section 6511(c) of the 1954 Code, on May 1, 1961, the date of the mailing of the notice of *218 deficiency herein. Re Issue 2: Each of the petitioners, Bernese Williamson and Emmanuel Praise, is an unmarried individual who resides at 1420-16th Street, N.W., Washington, D.C. Neither of them filed a Federal income tax return for any of the taxable years involved. Neither of said individuals derived any taxable income for any of the taxable years involved; and for each of said years, neither of them is liable for any deficiency in income tax, or for any addition to tax under sections 6651, 6653(a) or 6654 of the 1954 Code. We decide this second issue in favor of said petitioners, Bernese Williamson and Emmanuel Praise. On May 8, 1963, the respondent filed motions in these cases, in which he made complete concession of the issues here involved; conceded that there are no deficiencies or additions to tax due from any of the petitioners for any of the taxable years involved; conceded that there are overpayments of income tax by petitioner Hisacres New Thought Center for each of the taxable years 1955, 1956 and 1957, in the respective amounts above mentioned; and moved this Court to enter decisions in the present cases which would reflect his said concessions. The petitioners, *219 however, did not join in said motions; have not entered into any stipulation respecting disposition of their petitions herein; and have requested the Court to decide the issues on the basis of the evidence, for the reason that said issues, and particularly the first issue which relates to the tax exempt status of the corporate petitioner, are recurrent. Decisions will be entered for the petitioners. Footnotes
1. The following cases are here consolidated: Bernese Williamson, Docket No. 93618; Hisacres New Thought Center, Docket No. 93619; Emmanuel Praise, Docket No. 93620.↩
2. Respondent conceded at the trial herein, that no question is here presented as to the petitioner's having met all the other tests for exemption specified in section 501(c)(3), which are not included in the above quotation.↩